UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD, | No. 2:13-cv-2359 MCE AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| DEBORAH WILLIAMSON, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff, proceeding in this action in pro per, seeks relief pursuant to state law and the Equal Protection Clause of the Fourteenth Amendment and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327.

4  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
9  this standard, the court must accept as true the allegations of the complaint in question, Hospital
10  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12  McKeithen, 395 U.S. 411, 421 (1969).

13  In this case, plaintiff brings suit against family law counselor Deborah Williamson for
14  refusing to provide plaintiff with the records of counseling sessions that plaintiff and his son
15  attended. Plaintiff contends defendant's refusal to provide the records violates state law and the
16  Equal Protection Clause of the Fourteenth Amendment.

17  The Equal Protection Clause commands that no state shall "deny to any person within its
18  jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In other words,
19  states are required to treat all persons similarly situated in a like manner. Nordlinger v. Hahn,
20  505 U.S. 1, 10 (1992). A plaintiff generally alleges a violation of the Equal Protection Clause by
21  asserting that they are a member of a class made up of similarly-situated individuals and that
22  defendants intentionally acted in a way that infringes on the constitutional rights of the class as
23  opposed to others, resulting in disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668,
24  686 (9th Cir. 2001). Plaintiff has not identified a class of which he is a member or specified how
25  defendant's conduct violated this Clause. Accordingly, this claim must be dismissed.

26  Plaintiff also appears to assert that defendant violated the Privacy Act, 5 U.S.C. §552a.
27  The Privacy Act "regulate[s] the collection, maintenance, use, and dissemination of information
28  by [federal] agencies" and provides a private cause of action against federal agencies for violating

1 the Act's provisions.  Doe v. Chao, 540 U.S. 614, 618 (2004); 5 U.S.C. § 552a(g)(1) (explaining
2 any individual may bring a civil action against the agency for violation of the Act).  The proper
3 defendant in a Privacy Act action is an agency, not its individual employees.  Armstrong v. U.S.
4 Bureau of Prisons, 976 F. Supp. 17, 23 (D.D.C. 1997) (noting the term agency "does not include
5 individual officers or employees of an agency"); Wheeler v. Gilmore, 998 F. Supp. 666, 668
6 (E.D. Va. 1998) (noting "an agency is the only proper defendant under the Act and, therefore,
7 individuals may not be named as defendants in such actions").

8 The Privacy Act allows individuals to make a written request for records maintained by
9 government agencies, 5 U.S.C. § 552a(d), and compels the government to maintain accurate
10 information within these records, id. § 552a(e)(5). When an agency fails to comply with the Act,
11 the statute provides civil remedies, places jurisdiction within the federal court, and authorizes the
12 court to order injunctive relief, actual damages, or attorney's fees, depending upon the
13 circumstances.  Id. § 552a(g).

14 The Privacy Act is clearly inapplicable here as there is no assertion that plaintiff submitted
15 a request under the Act, that he served a request on a federal agency, or that defendant
16 Williamson works for a federal agency.  For these reasons, the court will recommend that the
17 complaint be dismissed.

18 The court also notes that this complaint appears to be one of several frivolous complaints
19 that plaintiff has filed in this court.  See Todd v. Canby, 2:13-cv-1018 GEB AC (examining
20 plaintiff's filings in the Eastern District of California since 2011).  Recently, plaintiff was
21 declared a vexatious litigant in this district.  See id., ECF No. 5.  In light of plaintiff's allegations
22 in the instant case, as well as his history of filing frivolous actions containing many of the same
23 allegations and his status as a vexatious litigant, the court will recommend that this action be
24 dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  Noll v. Carlson, 809 F.2d
25 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend,
26 leave to amend should not be granted where it appears amendment would be futile).
27 ////
28 ////

1    In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to
2 proceed in forma pauperis (ECF No. 2) is granted; and
3    IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave
4 to amend.
5    These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Plaintiff has an
7 opportunity to oppose by filing objections to these findings and recommendations.  Within
8 fourteen days after being served with these findings and recommendations, she may file written
9 objections with the court and serve all parties.  Such documents should be titled "Objections to
10 Magistrate Judge's Findings and Recommendations."  Replies to the objection shall be served and
11 filed within ten days after service of the objections.  Failure to file objections within the specified
12 time may waive the right to appeal the District Court's order.  See generally Martinez v. Ylst, 951
13 F.2d 1153 (9th Cir. 1991).
14 DATED: January 2, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4